# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KATARZYNA DOMINCZAK,
>Appellant,

v.

DEPARTMENT OF DEFENSE,
>Agency.

DOCKET NUMBER
AT-315H-15-0029-I-1

DATE: May 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Terry Trivedi, Orlando, Florida, for the appellant.

Teena Mathew Makil, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On September 9, 2013, the agency appointed the appellant to the position of Contract Price/Cost Analyst, a career-conditional appointment in the competitive service, subject to the satisfactory completion of a 1-year probationary period. Initial Appeal File (IAF), Tab 6 at 11. The agency issued a notice of termination during her probationary period for unacceptable performance on September 4, 2014, effective the following day. *Id*. at 33. The termination memorandum noted performance concerns previously expressed to the appellant by her supervisor during her second- and third-quarter periodic progress assessments. *Id*. The appellant filed an appeal with the Board, alleging, among other things, that the agency had illegally terminated her and that her supervisor had failed to comply with collective bargaining agreement provisions, including the grievance and counseling procedures prescribed therein. IAF, Tab 1 at 4-5, 16. She specifically alleged that her supervisor had not followed the collective bargaining agreement provision regarding agency actions based upon unacceptable performance and that the agency had not offered the union representation to which she was entitled. *Id*. at 17-21.

¶3       The administrative judge notified the appellant that the Board may lack jurisdiction over her termination and informed her how to establish that she had appeal rights under 5 U.S.C. chapter 75 or regulatory appeal rights as a probationary employee in the competitive service as set forth at 5 C.F.R. § 315.806. IAF, Tab 3 at 2-4. The appellant responded that the Board has jurisdiction over her appeal under the "procedural protections" of 5 C.F.R. §§ 315.805, 315.806, governing the termination of probationers for conditions arising before appointment, but she provided no specific facts concerning the reasons for her termination. *See* IAF, Tab 5 at 1. The agency filed a motion to dismiss the appeal, arguing that the Board lacks jurisdiction over the appeal because the appellant was a probationary employee when she was terminated for post-appointment reasons. IAF, Tab 6 at 7. The agency stated that the termination letter had clearly outlined the reasons for the appellant's termination, and that she had provided no evidence or support for her allegation that the termination was based on pre-appointment reasons. *Id.* at 7-8. The appellant responded, arguing that she should not have been terminated for several reasons, including her membership in a bargaining unit, the agency's having committed an unfair labor practice by violating the grievance procedures in the collective bargaining agreement, and the agency's failure to fully respond to her discovery request below. IAF, Tab 7 at 1-2.

¶4       In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to allege facts supporting a finding that she was an "employee" with Board appeal rights or that her termination "fell within the limited circumstances in which the Board may adjudicate the termination of a probationary employee." IAF, Tab 8, Initial Decision (ID) at 4. The administrative judge noted that the appellant had not alleged that she was terminated because of partisan political reasons or marital status and that, in contrast to her bare allegation that her termination was for pre-appointment

reasons, the termination notice clearly stated that she was terminated for post-appointment unacceptable performance. *See* ID at 3-4. The administrative judge found that the appellant's allegations regarding the agency's alleged breach of the collective bargaining agreement failed to address the jurisdictional issue. ID at 4 n.2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    On review, the appellant argues that the initial decision contained erroneous findings of material facts, primarily contesting the administrative judge's finding that the nature of her appointment determines her Board appeal rights and instead asserting that the nature of her employment is part of her contract. Petition for Review (PFR) File, Tab 1 at 1-2. She argues that the administrative judge ignored her discrimination complaint concerning an alleged hostile work environment in which mentors spoke Spanish in front of her and thus excluded her from conversations. *Id*. at 2. She also argues that the Board has jurisdiction over her appeal because she is a dues-paying bargaining unit member covered by the collective bargaining agreement. *Id*. at 4. She asserts, moreover, that the administrative judge's "rulings were not consistent with required procedures and did not provide enough weight to the case," but she makes no allegations of specific procedural errors or evidence improperly weighed in the initial decision. *Id*. In addition, she argues that she would like to submit "new and material evidence" on review, but asserts that her agency computer was "confiscated" and "contained vital information that would help to establish jurisdiction." *Id*. She also raises additional allegations against her former supervisor, without reference to any findings in the initial decision or argument that these allegations pertain to the jurisdictional issue in her appeal. *Id*. at 5-12.

¶6    The agency responds that the petition for review does not establish that the initial decision contained erroneous findings of material fact, and it maintains that the Board lacks jurisdiction over the present appeal under 5 C.F.R. §§ 315.805,

315.806.  PFR File, Tab 4 at 9-11.  The agency further asserts that the appellant raises new issues in her petition for review regarding alleged violations of the collective bargaining agreement and Executive Order 13522, but has not demonstrated that her arguments are based on any material evidence that was not available when the record closed.  *Id*. at 11.

¶7        The administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that the Board has jurisdiction over the present appeal.  Generally, the Board lacks jurisdiction over a probationary employee's appeal from a termination during her first year of federal civilian employment.[2]  *Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 8 (2010).  To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1).  *See* 5 U.S.C. § 7513(d); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  The administrative judge properly found that the appellant was not an "employee" in the competitive service with adverse action appeal rights to the Board because she was serving a 1-year probationary period when she was terminated and had not completed 1 year of continuous service under other than a temporary appointment limited to 1 year or less.  ID at 3.  The appellant has not contested this finding on review, and we find no reason to disturb it.

¶8        A probationary employee in the competitive service may appeal to the Board under limited circumstances set forth at 5 C.F.R. § 315.806.  The Board has jurisdiction over termination appeals under 5 C.F.R. § 315.806 in situations in which the agency's action was improperly based on partisan political reasons or marital status, or taken through improper procedures when the employee was terminated for reasons based in whole or in part on conditions arising prior to her

---

[2] The appellant does not dispute that she was serving a probationary period at the time of her termination.  *See* IAF, Tab 1 at 4.

appointment.[3] The administrative judge found that the appellant made no allegation that her termination was based on partisan political reasons or marital status, and she likewise has made no such argument on review. ID at 4; *see* PFR File, Tab 1 at 1-4. The appellant has neither alleged nor shown error in the administrative judge's finding that she did not make a nonfrivolous allegation that she was terminated for pre-appointment reasons, and thus that she has no Board appeal rights under 5 C.F.R. § 315.806 on the ground that her termination was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805. *See* ID at 3-4. In fact, the appellant has alleged no facts concerning any pre-appointment condition contributing to her termination. *See* ID at 4; IAF, Tab 5 at 1, Tab 7 at 2-3.

¶9 We have reviewed the appellant's remaining arguments and find that she has presented no basis for disturbing the findings of the administrative judge concerning her failure to make a nonfrivolous allegation of Board jurisdiction. Contrary to the appellant's repeated assertions on review, her status as a member of a collective bargaining agreement provides no termination appeal rights before the Board, and the initial decision correctly stated that it was the nature of her appointment that determined any Board appeal rights. *See* PFR File, Tab 1 at 2; ID at 4 n.2. Thus, despite the appellant's discussion of the grievance and performance-based action procedures outlined in the collective bargaining agreement, *see* IAF, Tab 7 at 2; PFR File, Tab 1 at 1-4, any such contractual provisions do not affect her appeal rights. The appellant did not repeat her argument below regarding the agency's failure to produce all requested discovery, *see* IAF, Tab 7 at 2, but instead argues that there was new and material evidence on her agency computer that would help to establish jurisdiction, PFR File, Tab 1 at 4. However, the appellant has failed to show that any additional discovery would have affected the jurisdictional issue in her appeal, or that she has been

---

[3] The termination notice informed the appellant of these limited appeal rights during her probationary period. IAF, Tab 6 at 34.

prejudiced by the administrative judge having decided the jurisdictional issue without this purported evidence. To the extent that the appellant's general reference to a previous Board decision concerning an employee's removal for unacceptable performance under 5 U.S.C. chapter 43 constituted an argument to appeal her termination under such provisions, *see* IAF, Tab 7 at 1, 6-7, she has not contested that she was a probationary employee and thus, she was not entitled to have her termination effected under chapter 43 procedures. Consequently, even assuming any alleged errors by the administrative judge, such actions would have no effect on the outcome of this case and provide no basis for disturbing the initial decision. *See* 5 C.F.R. § 1201.115(c); *see also Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). Finally, regarding the appellant's assertion on review that the administrative judge ignored her allegations of discrimination, *see* PFR File, Tab 1 at 2, we note that the Board cannot review her discrimination claims absent an otherwise appealable action. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1342-43 (Fed. Cir. 2006).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.